UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL AMMANN, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | No. 1:25-CV-00468-DAE | |
| § | | |
| EXP WORLD HOLDINGS, INC., § | | |
| ET AL., § | | |
| *Defendants* § | | |

**ORDER**

Before the Court are the referred motions in this case. After ordering supplemental briefing on subject-matter jurisdiction, the Court remains unable to determine based on the current record that it has subject-matter jurisdiction over this case. *See* Dkts. 34 (ordering Ammann to submit supplemental briefing and ordering Defendants to respond); 35 (Ammann's supplemental briefing); 39 (Defendants' response).

In Plaintiff Michael Ammann's supplemental briefing, Ammann indicated that he had not been able to locate Defendant Patrick O'Neill and accordingly stated that he voluntarily dismissed his claims against O'Neill without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 35; Fed. R. Civ. P. 41(a)(1)(A)(i) (permitting a plaintiff to "dismiss an action without a court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). As to each of the other individual defendants, Ammann alleged that they are citizens of states other than Texas. Dkt. 35, at 1-2. Ammann further alleged that Defendant eXp World Holdings, Inc. is a "Delaware corporation with

1

principal place of business in Washington." *Id.* at 2. Finally, Ammann stated that Defendant eXp Realty, LLC is a "Delaware LLC with its principal place of business in Washington." *Id.* Based on these allegations, Ammann asserts that complete diversity exists and this Court may exercise subject-matter jurisdiction over this case. Ammann attached no evidence to his briefing.

In their response, Defendants pointed out that Ammann pleaded no facts regarding the citizenship of the members of eXp Realty, LLC. Dkt. 39, at 4-5. Given that the citizenship of an LLC is determined not by its principal place of business but rather by the citizenship of its members, Defendants argue that Ammann's pleadings are insufficient to invoke this Court's subject-matter jurisdiction. *Id.*; *see SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407-08 (5th Cir. 2023). Yet, Defendants attached no evidence to their briefing showing that eXp Realty, LLC does in fact have members who are citizens of Texas and who would therefore defeat complete diversity. *See* Dkt. 39. Defendants also stated that they "harbor significant doubts" as to whether Ammann is domiciled in Texas, as he alleges. Dkt. 35, at 5. Defendants attached a copy of Ammann's amended complaint in a related lawsuit in the Southern District of Florida—filed in June of 2025—in which Ammann states that he was domiciled in Florida "at the time the action was filed and during the events giving rise to the claims," which are related to the claims in this case. Dkt. 39-5, at 3.

As noted in the order for supplemental briefing, Dkt. 34, this Court must determine whether it has subject-matter jurisdiction over this matter before taking up the motions. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

2

lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). Congress has granted district courts jurisdiction over (1) federal question cases—suits "arising under" federal law, and (2) diversity cases—suits between citizens of different states as to any matter valued at more than $75,000. 28 U.S.C. §§ 1331, 1332. To properly allege diversity jurisdiction, Ammann must allege "complete diversity," or that "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *SXSW*, 83 F.4th at 407 (cleaned up).

An individual's citizenship is determined by the state of domicile; residence in a state alone is insufficient. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797-98 (5th Cir. 2007). To demonstrate domicile, a party must show residence and the intention to remain. *Id.*

The citizenship of an LLC "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted); *see Servicios Comerciales Lamosa, S.A. de C.V. v. De la Rosa*, 3:16-CV-54-L, 2018 WL 1532392, at *4 (N.D. Tex. Mar. 29, 2018) (explaining what a plaintiff must establish for purposes of diversity jurisdiction when one party is an LLC). To demonstrate the citizenship of an LLC, a party must set forth the names of each member of the LLC and the citizenship of each member. *De La Rosa*, 2018 WL 1532392, at *4; *see also SXSW*, 83 F.4th at 408 (stating that to establish diversity

jurisdiction in a suit by or against an LLC, a party must specifically allege the citizenship of every member of the LLC).

In light of the above, the Court **HEREBY ORDERS** Ammann to file, **on or before August 8, 2025**, evidence in the form of a sworn affidavit disclosing (1) the state in which Ammann resides and (2) the state in which Ammann intends to remain. The Court **FURTHER ORDERS** Ammann to file, on or before August 8, 2025, any other evidence in his possession pertinent to the issue of this Court's subject-matter jurisdiction over this case.

Additionally, the Court **HEREBY ORDERS** Defendants to file, **on or before August 8, 2025**, evidence in the form of a sworn affidavit disclosing (1) the name of each member of eXp Realty, LLC and (2) the citizenship of each member of eXp Realty, LLC. The Court **FURTHER ORDERS** Defendants to file, on or before August 8, 2025, any other evidence in their possession pertinent to the issue of this Court's subject-matter jurisdiction over this case.

If the parties fail to comply with this order, the undersigned will recommend dismissal for lack of subject-matter jurisdiction.

SIGNED July 25, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE