UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL AMMANN, | § | No. 1:25–CV–468-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| eXp WORLD HOLDINGS, INC., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING
MOTION FOR DEFAULT JUDGMENT; (3) GRANTING MOTION TO
DISMISS; (4) GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS AND MOTION TO SET ASIDE ENTRY OF DEFAULT;
(5) DENYING AS MOOT MOTION TO SUPPLEMENT; AND (6) DENYING
MOTION FOR SANCTIONS

Before the Court is a Report and Recommendation (the "Report")

(Dkt. # 46) submitted by United States Magistrate Judge Dustin Howell.  The

Court finds this matter suitable for disposition without a hearing.  After reviewing

the Report and Pro Se Plaintiff Michael Ammann's ("Ammann" or "Plaintiff")

objections to the Report, the Court **ADOPTS** Judge Howell's recommendations,

**DENIES** Ammann's motion for default judgment against Defendants; **GRANTS**

Defendants' motion to dismiss for lack of jurisdiction; **GRANTS IN PART** and

**DENIES IN PART** Defendants' motion to dismiss and motion to set aside the

entry of default; **DENIES AS MOOT** Ammann's motion to supplement the motion for default judgment; and **DENIES** Ammann's motion for sanctions.

<u>BACKGROUND</u>

Although the Court and parties are familiar with the facts, the Court will recite the background facts of this matter as stated by Judge Howell in his Report.[1]  Ammann sues Defendants eXp World Holdings, Inc., eXp Realty, LLC, Glenn Sanford, Leo Pareja, James Bramble, Karla Sanders, Sarah Ford, and Megan Featherston (collectively, "Defendants") for breach of fiduciary duty and for other causes of action in connection with a failed real estate transaction.  (Dkt. # 1.) Ammann attempted to purchase two properties in Ohio, Property A and Property B.  (<u>Id.</u> at at 2, 3.)  Featherston represented Ammann as his buyer's agent in both transactions.  (<u>Id.</u> at 2.)  Ammann alleges that when he asked Featherston to submit an offer on his behalf for Property A, Featherston "instead submitted an offer for a competing buyer."  (<u>Id.</u> at 2.)  Later, Featherston allegedly submitted an offer to buy Property A herself, undercutting both Ammann's and the competing buyer's bid.  (<u>Id.</u> at 3.)   Ammann further alleges that when he asked Featherston to submit an offer on his behalf for Property B, Featherston again submitted an offer for the competing buyer.  (<u>Id.</u>)

---

[1] To the extent any objections are made to Judge Howell's recitation of the facts, the Court will note it in the objections discussed below.

Based on this conduct and related alleged misrepresentations, Ammann sued Featherston, the real-estate company Featherston works for, eXp Realty, LLC ("eXp Realty"), and its parent company, eXp World Holdings, Inc. ("eXp World").  (<u>Id.</u> at 1–2.)  Ammann also sued various individual defendants associated with the eXp companies as executives or managers: Glenn Sanford, Leo Pareja, James Bramble, Karla Sanders, and Sarah Ford.  (<u>Id.</u> at 2.)  Ammann sues all defendants for breach of fiduciary duty.  (<u>Id.</u> at 3.)  He also brings claims for negligent misrepresentation against Featherston, eXp World, and eXp Realty; negligence against eXp World, eXp Realty, Sanford, Pareja, Bramble, Sanders, and Ford; and gross negligence against eXp World, eXp Realty, Sanford, Pareja, Bramble, Sanders, and Ford.  (<u>Id.</u> at 3–4.)

Summons were returned executed as to seven of the eight defendants, excluding Featherston.  (Dkts. ## 5; 6; 7; 8; 11; 12; 13.)  When each of those seven defendants failed to answer or otherwise respond on time, Ammann moved for, and the clerk entered, their default.  (Dkts. ## 9; 14; 15; 16; 17; 18.)  Ammann moved for default judgment as to those seven defendants.  (Dkt. # 19.)

Soon afterward, defendants Bramble, Featherston, Ford, Pareja, Sanders, and Sanford filed a motion to dismiss for lack of personal jurisdiction. (Dkt. # 20.)  Featherston had still not been served.  The next day, Bramble, Featherston, Ford, Pareja, Sanders, and Sanford, along with eXp World and eXp

Realty, filed another motion to dismiss, asking this Court to set aside the entry of default against them and dismiss this case for insufficient service of process. (Dkt. # 21.) In their motion, Defendants allege that Ammann served them only with a summons, leaving out a copy of the complaint as required by Federal Rule of Civil Procedure 4(c)(1). (Id. at 5; Fed. R. Civ. P. 4(c)(1) (requiring that a summons be served with a copy of the complaint). Ammann also moved to supplement his motion for default judgment. (Dkt. # 24.)

Finally, Ammann filed a motion for leave to file a sur-reply in opposition to Defendants' motions to dismiss, Dkt. # 26, a motion to strike certain evidence attached to Defendants' reply in support of their motion to dismiss and motion to set aside the entry of default, Dkt. # 27, a motion to strike Defendants' response in opposition to Ammann's motion to file a sur-reply, Dkt. # 32, and a motion for sanctions against Defendants' counsel. Dkt. # 28.

On September 15, 2025, Judge Howell entered his Report which first considered whether the Court could exercise subject-matter jurisdiction in this case and finding that Ammann had plausibly alleged facts establishing jurisdiction. (Dkt. # 46 at 9.) Judge Howell further recommended that: (1) the Court grant Defendants' request to set aside the entry of default entered against them, deny Ammann's motion for default judgment, and his motion to supplement the motion for default judgment; (2) the Court dismiss Ammann's causes of action against

4

eXp World and eXp without prejudice for insufficient service; (3) the Court grant the individual defendants' motion to dismiss because none of their contacts with Texas are sufficient to confer personal jurisdiction; and (4) the Court deny Ammann's motion for sanctions.  (Id.)  On September 29, 2025, Ammann filed his objections to the Report.  (Dkt. # 47.)  The Court will address the objections to the Report below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is

clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

Pending before the Court are five motions: (1) Ammann's motion for default judgment against Defendants (Dkt. # 19); (2) Defendants' motion to dismiss for lack of jurisdiction (Dkt. # 20); (3) Defendants' motion to dismiss for insufficient service or process and motion to set aside the entry of default (Dkt. # 21); (4) Ammann's motion to supplement the motion for default judgment (Dkt. # 24); and (5) Ammann's motion for sanctions (Dkt. # 28).  In his Report as discussed above, Judge Howell recommended that the Court set aside the entry of default against Defendants, grant Defendants' motions to dismiss, and deny Ammann's motion for default judgment, motion to supplement, and motion for sanctions.  (Dkt. # 46.)  Ammann objects to the Magistrate Judge's findings as discussed below.  (Dkt. # 47.)

A.    Successive Motions to Dismiss

Ammann first contends that the Magistrate Judge erred in refusing to "strike Defendants' successive motion" to set aside entry of default judgment. (Dkt. # 47.)  Plaintiff previously moved to strike Defendants' motion to dismiss (Dkt. # 21), and the Magistrate Judge denied this request in his Report (Dkt. # 46 at 3 n.2).  The Magistrate Judge stated:

² Ammann moved to strike the motion to dismiss, Dkt. 21, on the grounds that it violates Federal Rule of Civil Procedure 12(g)(2), which generally provides that a party making a motion under Rule 12 "must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Dkt. 23; Fed. R. Civ. P. 12(g)(2). However, because Ammann responded to the motion to dismiss before filing his motion to strike, the undersigned denies the motion. *See* Dkt. 22 (response in opposition to the motions to dismiss); Fed. R. Civ. P. 12(f) (providing that the court may strike material from a pleading on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading").

(Dkt. # 46 at 3 n.2.) In his objections, Ammann asserts that the Magistrate Judge did not properly apply Rule 12(f) in denying his motion to strike, and that he should have applied Rule 12(g)(2) and stricken Defendants' motion to set aside default as successive to their other motion to dismiss (Dkt. # 20). (Dkt. # 47 at 5.)

Defendants Sanford, Pareja, Bramble, Sanders, Ford, and Featherston filed their motion to dismiss for lack of personal jurisdiction (Dkt. # 20) one day before filing a motion to dismiss for improper service along with a separate motion to set aside default in the same document (Dkt. # 21). The Magistrate Judge recommended the Court deny the second motion to dismiss for improper service on the basis that "[b]ecause the first motion to dismiss did not raise the defense of insufficient service of process, these defendants may not raise that defense in the motion to dismiss for improper service of process." (Dkt. # 46 at 16.) There being no objection to this ruling, the Court hereby finds no clear error and adopts this recommendation. Therefore, as to Defendants motion to dismiss for improper service (Dkt. # 21), the Court denies this motion.

As stated, Defendants' filing (Dkt. # 21) contained another motion within it—a motion to set aside default pursuant to Rule 55 of the Federal Rules of Civil Procedure.  As to this motion, the Magistrate Judge determined there was good cause to set aside the default in this case because: (1) Defendants' failure to answer was not willful; (2) Ammann cannot show he will be prejudiced by setting aside the entry of default; and (3) Defendants have a potentially meritorious defense in that the Court lacks jurisdiction over them.  (Dkt. # 46.)

Again, it is this second motion to set aside default that Ammann objects to, arguing that the Magistrate Judge should have also denied this motion on the basis that it was repetitive to Defendants' first motion to dismiss (Dkt. # 20).  The Court disagrees.  The motion to set aside default was not waived because it was brought up for the first time in that motion.  Unlike the motion to dismiss for improper service, a motion to set aside default is brought pursuant to Rule 55, and not Rule 12 where Rules 12(h)(1) and 12(g)(2), along with Rule 12(f)(1) might apply.  Therefore, the Court overrules this objection.

The Court also finds no merit to Ammann's objection that the Magistrate Judge improperly considered Defendants' Rule 12(b) motions before their motion to set aside default.  (Dkt. # 47 at 9.)  The Magistrate Judge's Report clearly considered Defendants' Rule 55 motion to set aside default before turning to Defendants' Rule 12(b) motions, recommending that the Court grant the motion

to set aside default (Dkt. # 21).  The Court finds no basis to this objection, and it is

overruled.

      B.    <u>Insufficient Service</u>

      Ammann next argues that the Magistrate Judge relied on an improper

declaration to vacate the defaults entered against the corporate Defendants eXp

World and eXp Realty.  (Dkt. # 47 at 11.)  Ammann asserts the Magistrate Judge

improperly relied on the declaration of Jared Fields, eXp's in-house counsel, to

conclude that service was not properly made on these corporate Defendants

because the complaint was not included with the summons.  (<u>Id.</u>)

      "Before a federal court may exercise personal jurisdiction over a

defendant, the procedural requirement of service of summons must be satisfied."

<u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).  "A

summons must be served with a copy of the complaint."  Fed. R. Civ. Pro. 4(c)(1).

When service is challenged, the serving party bears the burden of proving its

validity or good cause for failure to effect timely service.  <u>Kitchen v. Walk-On's</u>

<u>Bistreaux & Bar</u>, Civ. Action No. 19-1062, 2020 WL 2404911, at *3 (W.D. La.

May 12, 2020) (citing <u>Sys. Signs Supplies v. U.S. Dep't of Justice, Washington,</u>

<u>D.C.</u>, 903 F.2d 1011, 1013 (5th Cir. 1990)).  "The Court may consider affidavits or

declarations in resolving Rule 12(b)(5) motions."  <u>Id.</u> at *1 (citations omitted).

Without valid service of process, "proceedings against a party are void because a

court cannot exercise personal jurisdiction over a defendant unless he was properly served." <u>Landry v. Garber</u>, No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), <u>R&R adopted</u>, No. 19-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing <u>Aetna Business Credit, Inc. v. Universal Décor & Interior Design</u>, Inc., 635 F.2d 434, 435 (5th Cir. 1981)); <u>see also</u> <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104 (1987).

Ammann's objection is overruled. As the serving party, Amman—not the corporate Defendants—has the burden of proving proper service. Although Ammann alleges that the return receipts show that the corporate Defendants received a packet that contained both the summons and the complaint, there is nothing in the return receipt that shows what was contained in the package, if there was a packet, or even how many pages the packet contained. (<u>See</u> Dkts. ## 11–12.) Ammann has failed to offer actual evidence of proper service and thus the Court finds no error in the Magistrate Judge's recommendation to dismiss Ammann's causes of action against eXp World and eXp Realty without prejudice on this basis.

C.    <u>Motion to Set Aside Default</u>

Ammann next objects to the Magistrate Judge's recommendation that the Motion to Set Aside Default (Dkt. # 21) be granted. (Dkt. # 47 at 18.) According to Ammann, the Magistrate Judge "went beyond the issues presented"

and sua sponte conducted a "good cause" analysis incorrectly finding the factors to

set aside default were met.  (Id. at 4.)  Amman contends that Judge Howell

"departed from his neutral role and effectively built a defense for Defendants that

they themselves chose not to raise," misallocating "the burden of proof."  (Id.)

Under Rule 55(c), "[t]he court may set aside an entry of default for

good cause, and it may set aside a final default judgment under Rule 60(b)."  "The

language of this rule is discretionary, and 'the decision to set aside a default is

committed to the sound discretion of the trial court.'"  Moreno v. LG Elecs., USA

Inc., 800 F.3d 692, 698 (5th Cir. 2015) (quoting In re Dierschke, 975 F.2d 181, 183

(5th Cir. 1992)).

To determine whether there is good cause, the court considers "three

non-exclusive factors: 'whether the default was willful, whether setting it aside

would prejudice the adversary, and whether a meritorious defense is presented.'"

Koerner v. CMR Constr. & Roofing, L.L.C., 910 F.3d 221, 225 (5th Cir. 2018)

(quoting Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000)).  "The burden of

showing good cause lies with the party challenging the default entry."  Sindhi v.

Raina, 905 F.3d 327, 332 (5th Cir. 2018) (quoting CJC Holdings, Inc. v. Wright &

Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992))).  Even so, "[d]efaults are 'generally

disfavored.'"  Koerner, 910 F.3d at 225 (quoting Mason & Hanger-Silas Mason

Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO, 726 F.2d

11

166, 168 (5th Cir. 1984)). Consequently, "[u]nless it appears that no injustice results from the default, relief should be granted." Id. (quoting In re OCA, Inc., 551 F.3d 359, 370-71 (5th Cir. 2008)).

Upon careful de novo review, the Court finds no error in the Magistrate Judge's recommendation to set aside the default judgment entered by the Clerk in this case. The record in this case demonstrates that Defendants' failure to answer was not willful especially where they promptly moved to set aside the entry of default. Additionally, Ammann has not demonstrated any prejudice by the Court's setting aside the entry of default. Defendants have also demonstrated a meritorious defense. Accordingly, the Court agrees with the Magistrate Judge that Defendants' motion to set aside entry of default should be granted.

Regarding the portions of the Report that were not objected to, the Court determines that no finding or conclusion was clearly erroneous or contrary to law. Accordingly, those findings and conclusions will be adopted.

<u>CONCLUSION</u>

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 46) and:

(1) **DENIES** Ammann's motion for default judgment against Defendants (Dkt. # 19); (2) **GRANTS** Defendants' motion to dismiss for lack of jurisdiction (Dkt. # 20); (3) **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss and motion to set aside the entry of default (Dkt. # 21); (4) **DENIES AS MOOT** Ammann's motion to supplement the motion for default judgment (Dkt. # 24); and (5) **DENIES** Ammann's motion for sanctions (Dkt. # 28).  It is **ORDERED** that Ammann's claims against Defendants be **DISMISSED WITHOUT PREJUDICE**.  The Clerk's Office is **INSTRUCTED** to **CLOSE THE CASE**.

        **IT IS SO ORDERED.**

        **DATE:** Austin, Texas, October 27, 2025.

_____
David Alan Ezra
Senior United States District Judge

13